IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

JORGE L. LUCENA-BETANCOURT,

Defendant

CRIMINAL 05-0208 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY) AND WAIVER
OF INDICTMENT AND AGREEMENT TO PROCEED BY INFORMATION

I.   Personal Background

An information was filed in open court on June 9, 2005, charging defendant of aiding and abetting by others known and unknown to the United States Attorney, did knowingly and willfully make false statements or reports, or overvalued land, property or security for the purpose of influencing the actions of the Secretary of Agriculture, acting through the Farm Service Agency, an agency of the United States government and a successor of the Farmers Home Administration, upon an application for an emergency loan, for the purpose of influencing the actions of the Farm Service Agency, in that the defendant certified as true and accurate that he had suffered disaster losses and damages in the amount of $490,000, as a result of Hurricane Georges, when in truth and in fact, as the defendant well knew then, he had not suffered that amount of disaster losses and damages as represented by him. All in violation of 18 U.S.C. §§ 1014 and 2.

II.   Consent to Proceed Before a Magistrate Judge

Today, while assisted by Mariángela Tirado Vales, Esq., the defendant, by consent, appeared before me in order to waive his right to prosecution by indictment

CRIMINAL 05-0208 (JAG)                    2

and to plead guilty to a one count information. The defendant agreed to proceed by way of information and waived his right to be charged with an indictment. The defendant informed that he understood the charges which he faced and was informed of his constitutional right to be charged in an indictment, a right which he could waive if he consents to being charged by information of the United States Attorney. He noted that he had discussed this with his attorney and acknowledged that no threats or promises had been made to him to waive indictment and proceed by way of information. In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to accept responsibility or plead guilty. The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge. He was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.  Proceedings Under Rule 11, Federal Rules of Criminal Procedure

    A. Compliance With Requirements Rule 11(c)(1)

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting

CRIMINAL 05-0208 (JAG)                3

> McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant noted that he understood that if convicted, he was exposed to a maximum imprisonment term of not more than 30 years and/or a fine of up to $1,000,000, and a term of supervised release of not more than five years.

Prior to the sentencing hearing, the defendant will pay a special assessment of $100 as to the count charged in the pending information, to be deposited in the Crime Victim Fund, as required by 18 U.S.C. § 3013(a).

The defendant understands and acknowledges that parole has been abolished.

Defendant was explained what the supervised release term means. He was advised that in passing sentence the court had to consider the criteria fixed by the sentencing guidelines; the factors to be considered under such guidelines; the fact that the court could abide by the recommended sentencing range or depart from that range, and that, in doing so, the court could and would consider all relevant facts. It was emphasized that cooperation with the United States Probation Officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, force or predictions as to what sentence will be imposed have been made to him.

CRIMINAL 05-0208 (JAG)                    4

B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3. To a trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a verdict rendered by a jury which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses to questioning, observing his demeanor and his speaking with his attorney, it is determined that defendant knows his constitutional rights.

C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might

CRIMINAL 05-0208 (JAG)                              5

disagree with the sentence imposed, and that if under any kind of supervision (probation or supervised release) that privilege could be revoked and he could be required to serve an additional term of imprisonment.

### D. Plea Agreement

The parties have entered into a written plea and cooperation agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. The defendant will cooperate fully and truthfully with the government in exchange for the terms and conditions set forth in the plea and cooperation agreement. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

CRIMINAL 05-0208 (JAG)                              6

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant concurred. The government's proffer complied with and tracked in part the statutory language of the information.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to the only count of the information.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Jorge L. Lucena-Betancourt is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries, understands that the charges are supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

CRIMINAL 05-0208 (JAG)                           7

Therefore, I recommend that the court accept the guilty plea of Jorge L. Lucena-Betancourt and that the defendant be adjudged guilty as to the only count of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 9th day of June, 2005.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge